### COHEN v P J SPITZ CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8927. Decided Nov. 12, 1928.

Roscoe M Ewing, Cleveland, for Cohen.
Mooney, Hahn Loeser & Keough, Cleveland, for Spitz Co.

**SULLIVAN P J**

The briefs are built upon the theory that in order to determine whether the court below committed error by granting a motion for judgment upon the pleadings, for the defendant, that the determination of

the question depends upon the construction of the amendment to the statute of frauds, known as G C. 8621, which in substance provides that no action shall be brought to charge the defendant upon a contract for sale of lands, tenements or hereditaments or any interest therein, or concerning same, nor upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate, unless there is an agreement in writing, a memorandum or note thereof signed by the defendant or some other person thereunto lawfully authorized in the premises.

Thus, the real question is whether a recovery can be had in the case at bar under the state of the pleadings, which is that the contract sued upon was not in writing under any of the provisions of the statute of frauds, as amended July 10, 1925.

As authority for the claim that the case at bar is not within the statute of frauds, there is cited to us the case of **Furth vs Farkasch, 26 O App 181,** which holds that Sec. 8621 G C did not apply in that class of contract, which is the subject of the controversy in the Furth case.

Another authority, to-wit, **Wade vs De Hart, 26 N P (N S) 560,** is cited to us to support the contention that the statute of frauds does not apply in the instant case, because the agreement in the Wade supra, created a partnership for the purpose of improving or selling real estate and did not contemplate the transfer of title. As far as the question of partnership is concerned, we do not think there is any foundation for the claim made in the able brief of counsel for plaintiff in error that the allegations of the petition constitute a partnership, or, in the language used by the court in its opinion in Furth, supra, "were equivalent to a sort of a partnership" as the language therein is expressed. It is our judgment with respect to this point that there is a failure of material allegations in the petition to warrant a recovery upon a partnership.

Upon a close scrutiny of the allegations of the petition we find that the statute of frauds applies to the present case, because the most reasonable construction which can be gvien the language of the allegations is that the defendant in error at the time of the transaction was the agent for the sale of a certain parcel of land belonging to The Wayside Improvement Co., and that as such agent the defendant in error entered into the contract sued upon in the instant case, and for which a recovery is sought, even though the contract is not in writing.

From the character of the allegations the agent acting for the principal, The Wayside Improvement Co., was entering into an oral contract for and in behalf of the principal who could only be bound to pay a commission providing the contract was in writing under the provisions of the statute of frauds as amended.

In these respects the instant case is distinguished from Furth. vs Farkasch, 26 O App 181, and Wade vs DeHart, 26 N P (N S) 560, because it is clear from the wording of the petition that the agent for the sale of the property could not enter into a contract for the sale thereof without complying with the provisions of Sec. 8621 G C.

The same reasons that apply to the principal are applicable to the agent for the sale of the property, and the latter would have no more right to make a contract contrary to the amended provisions of the statute of frauds, than the principal and neither would have any right at all, under the provisions of that law. So it is not necessary to pass upon the question raised by the able and exhaustive brief of counsel for defendant in error by his reference to and analysis of the authorities mentioned in his brief for the purpose of having the instant case distinguished from Furth supra, and Wade supra, towit, **Smith vs Stark, 162 N W 998,** Supreme Court of Michigan, decided May 31, 1917, and **Renaud vs Moon, 198 N W 895,** decided June 2, 1924.

From our construction and interpretation of the allegations of the petition as herein outlined there is no occasion to use these authorities and we base our decisions upon the allegations of the petition itself, which in our judgment make it unmistakably appear that in order to recover thereunder the contract must comply with the amended provisions of the statute of frauds.

Holding these views the judgment of the lower court is hereby affirmed.

Vickery and Levine JJ, concur.